IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DORETTE BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-CV-5996 |
| v. | ) | |
| | ) | Honorable Joan B. Gottschall |
| UNITED STATES NAVY EXCHANGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Two motions are before the court in this negligence and defamation action removed from state court. Plaintiff Dorette Brownlee moves to remand the case to the state court from which defendant U.S. Navy Exchange removed it, citing the Exchange's failure to plead a colorable federal defense. The Exchange invokes federal sovereign immunity and moves to dismiss the case under the derivative jurisdiction doctrine. For the reasons stated below, Brownlee's motion to remand is denied, and defendant's motion to dismiss is granted.

### Background

"An exchange is a retail store for those in or connected with our military forces. . . . [It] is a place on a military installation where military personnel and their families may conveniently purchase many of their needs at less cost than off base." *Champaign-Urbana News Agency, Inc. v. J. L. Cummins News Co.*, 632 F.2d 680, 681 (7th Cir. 1980) (footnote omitted); *see id.* at 683–84. The U.S. Navy Exchange, the defendant named in Brownlee's complaint, operates commissaries on military bases and installations as a "Nonappropriated fund instrumentality," or NAFI, under the jurisdiction of the armed forces. *See* 10 U.S.C. § 2488. As defined in the pertinent statute, NAFI means an "instrumentality of the United States under the jurisdiction of the armed forces which is conducted for the comfort, pleasure, contentment, or physical or

1

mental improvement of members of the armed forces." 10 U.S.C. § 2488(f). The funds for NAFIs like the Exchange "do not come from congressional appropriation but rather primarily from their own activities, services, and product sales." *El-Sheikh v. United States*, 177 F.3d 1321, 1322 (Fed. Cir. 1999) (citation modified). The Supreme Court has held that an exchange "is an arm of the government deemed by it essential for the performance of governmental functions and partakes of whatever immunities it may have under the constitution and federal statutes." *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 733–34 (1982) (citation modified) (quoting *United States v. Miss. Tax Comm'n*, 421 U.S. 599, 606 (1975)); see *Champaign-Urbana News Agency*, 632 F.2d at 683–89.

On September 3, 2022, the Exchange terminated Brownlee from her job as a human resources specialist with the Exchange's store at the Great Lakes Naval Air Station. *See* Pl. Resp. Opp'n Mot. to Dismiss 1, Dkt. No. 8. Brownlee's negligence and defamation claims stem from her termination. *See* Compl. 1–2, Dkt. No. 1 Ex. A.

Representing herself, Brownlee filed a small claims complaint on February 6, 2025, against the Exchange in the Circuit Court of Lake County, Illinois. The Exchange removed the case to federal court under the authority of the federal officer and agency removal statute, 28 U.S.C. § 1442(a)(1). Notice of Removal 1–2, Dkt. No. 1.

Following initial briefing on the pending motions, the court authorized the parties to brief whether the Exchange was "required to show that it has a colorable federal defense in order to remove this case." Order 2, July 17, 2025, Dkt. No. 11. The Exchange filed a supplemental memorandum on July 30, 2025. Dkt. No. 12. Brownlee filed a *pro se* memorandum on August 28, 2025, in which she asked the court to recruit an attorney to represent her. Dkt. No. 20. This court did so, but Brownlee's recruited attorney subsequently sought and obtained

2

leave to withdraw from the case. Minute Order, Jan. 12, 2026, Dkt. No. 36. Since her recruited attorney withdrew on January 12, 2026, Brownlee has not indicated to the court that she wishes to file anything further.

## Motion to Remand

The federal officer and agency removal statute permits removal of any "civil action or criminal prosecution" commenced in a state court if it is "against or directed to . . . The United States or any agency thereof, or any officer of the United States or of any agency thereof . . . in an official or individual capacity, for or relating to any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1); *see also* § 1442(d) (defining terms used in § 1442(a)); *see generally Baker v. Atl. Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020). Brownlee's argument for remand appears to be based on the Supreme Court's decision in *Mesa v. California*, 489 U.S. 121, 131–36 (1989). *Mesa* holds that a federal officer must plead a colorable federal defense to remove under 28 U.S.C § 1442(a)(1). *Id.* The Court in *Mesa* explained that its construction of § 1442(a) avoided a constitutional question because without it the statute may well have "expanded the jurisdiction of the federal courts beyond the bounds established by the Constitution." *Id.* at 136 (brackets omitted) (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 491 (1983)).

The Seventh Circuit has not decided whether *Mesa*'s colorable federal defense requirement applies to removals by the United States or one of its agencies. *See Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 833–34 (7th Cir. 2025) (explaining that it was unnecessary to reach this question). The Sixth Circuit appears to be the only federal appellate court to have answered this question. In *City of Cookeville v. Upper Cumberland Electric Membership Corp.*, 484 F.3d 380, 389–91 (2007), the Sixth Circuit analyzed the statutory text in detail, explained why removals by the United States and its agencies do not trigger the separation

3

of powers concerns discussed in *Mesa*, and held that the United States and its agencies are not required to plead a colorable federal defense to remove under 28 U.S.C. § 1442(a). Brownlee cites no contrary authority, and this court has located none. *Cf. Hammer v. U.S. Dep't of Health & Hum. Servs.*, 905 F.3d 517, 528–29 (7th Cir. 2018); *see also* Mot. Remand, Dkt. No. 7; Dkt. No. 20. This court finds the Sixth Circuit's analysis in *City of Cookeville* to be thorough and persuasive and adopts it as the basis of its decision in the case at bar. *See Vill. of Wheeling v. Fragassi*, 2010 WL 3087462, at *2–3 (N.D. Ill. Aug 2, 2010) (also adopting *City of Cookeville*). Accordingly, the Exchange was not required to plead a colorable federal defense, and it properly removed this case under the authority of § 1442(a)(1).

## Motion to Dismiss: Derivative Jurisdiction

The derivative jurisdiction doctrine takes its name from the principle underpinning it: "in a limited sense," a federal court's jurisdiction over a removed action "is derived from state courts," and so "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none." *Rodas v. Seidlin*, 656 F.3d 610, 622 (7th Cir. 2011) (quoting *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922)). To analyze derivative jurisdiction, this court asks whether the Circuit Court of Lake County, Illinois, acquired jurisdiction over Brownlee's suit against the Exchange when she originally filed it. *See id.* Perhaps counterintuitively, the derivative jurisdiction doctrine requires dismissal "[e]ven though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981).

The Exchange invokes federal sovereign immunity as barring the state court's jurisdiction over Brownlee's claims when she filed them. Federal sovereign immunity extends to an exchange, like the defendant here, that operates under 10 U.S.C. § 2488 as a non-appropriated fund instrumentality. *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 733–35 (1982);

4

*United States v. Miss. Tax Comm'n*, 421 U.S. 599, 606–07 (1975); *see also Champaign-Urbana News*, 632 F.2d at 687–88. Under principles of sovereign immunity, "The United States, as sovereign, is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation modified).

To determine whether federal sovereign immunity deprived the state court of jurisdiction over Brownlee's defamation and negligence claims, this court looks to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b); §§ 2671–80. The FTCA "effects a limited waiver" of federal sovereign immunity. *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991). The FTCA does not waive federal sovereign immunity for suits brought in state court; it confers upon federal district courts "exclusive jurisdiction" over "claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Brownlee's negligence and defamation claims fall within the scope of the FTCA's limited waiver of sovereign immunity, so the FTCA vested exclusive jurisdiction over her claims in federal district court, rather than in the state court in which she filed her complaint. *See Alinsky v. United States*, 415 F.3d 639, 643 (7th Cir. 2005). The state court therefore lacked original jurisdiction over Brownlee's suit, and the derivative jurisdiction doctrine teaches that this court acquired no jurisdiction when the case was removed. *See, e.g.*, *Rodas*, 656 F.3d at 616. It follows that the case must be dismissed without prejudice under the derivative jurisdiction

doctrine, for "[w]hen the derivative jurisdiction doctrine is timely raised, it properly results in dismissal without prejudice." *Ricci v. Salzman*, 976 F.3d 768, 773 (7th Cir. 2020).

## Conclusion

Plaintiff Dorette Brownlee's motion to remand this case to the state court from which it was removed, Dkt. No. 7, is denied, and defendant U.S. Navy Exchange's motion to dismiss based on the derivative jurisdiction doctrine, Dkt. No. 4, is granted. The Clerk is instructed to enter judgment consistent with this memorandum opinion and order.

Brownlee is advised that upon entry of judgment, she will have sixty days in which to file a notice of appeal, if she wishes to do so. *See* Fed. R. App. P. 4(a)(1)(B). This court's *pro se* helpdesk may be able to assist with docketing an appeal; however, the deadline to notice an appeal is not automatically extended for a helpdesk appointment.


Date: February 9, 2026                           /s/ Joan B. Gottschall
                                                 United States District Judge